LLOYD G. MORSE et al., Respondents, v. RAST, INC., Appellant, et al., Defendant.— In an action to recover damages on the ground of fraud, defendant Rast, Inc., appeals from an order denying its motion for summary judgment. The alleged fraud was misrepresentation by said defendant with respect to the heating system in a dwelling being built and sold by it to plaintiffs. The motion was based mainly on (1) a provision in the contract of sale that, upon acceptance by the purchasers of a deed, the seller shall be deemed to have fully performed; and (2) a release which was executed by plaintiffs at the time of the closing of title. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ., concur. [See *post*, p. 1174.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK BARNES, JR., Appellant.— Defendant pleaded guilty in the County Court, Nassau County, to an indictment charging him with the commission of the crime of forgery in the second degree (two counts), in forging and uttering a check in the sum of $30. Thereafter, an information was filed charging him with a prior felony conviction and he was sentenced, as a second felony offender, to a term of five to ten years. Prior to the imposition of this sentence upon his plea of "guilty", when it became apparent that he was to be sentenced as a second felony offender, defendant sought leave to change his plea to "not guilty", upon the ground that he had been misled by his own attorneys into believing that the District Attorney would recommend a suspended sentence. His request was not granted. At two adjournments of sentence, defendant renewed his application to withdraw the plea of guilty. The court denied the application and sentenced him as above indicated. Judgment reversed on the law and the facts and matter remitted for further proceedings, with leave to defendant to withdraw his plea of guilty. Under these circumstances, the denial of defendant's application was an improvident exercise of discretion. In view of the foregoing determination, the appeal from the denial of defendant's so-called "application in the nature of a writ of error *coram nobis* for leave to withdraw his plea of guilty" is dismissed as academic. Wenzel, Schmidt, Beldock and Murphy, JJ., concur; Nolan, P. J., dissents from the reversal of the judgment and from the determination that appellant should have leave to plead over, being of the opinion that the record does not disclose evidence from which it may be determined that there was any misrepresentation by appellant's former attorneys, or any representation by the District Attorney to them that he would recommend a suspended sentence. Neither does it appear that the denial of appellant's application to withdraw his plea involved an improper exercise of discretion.